**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TENNESSE GAS PIPELINE COMPANY, L.L.C.,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-cv-134-RPC-DAS**

**1.777 ACRES IN HUMPHREYS COUNTY, MISSISSIPPI; LOST BRAKE, LLC** **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff Tennessee Gas Pipeline Company, L.L.C.'s ("TGP") Motion to Strike Portions of Defendant Lost Bake, LLC's ("Lost Brake") Answer to the Complaint. [Doc. 17]. Plaintiff TGP is an oil and gas company seeking to condemn certain tracks of land in and around Mississippi to construct approximately 208 miles of a natural gas pipeline pursuant to Natural Gas Act. TGP filed its Complaint on August 17, 2026, and Lost Brake filed its Answer on September 29, 2026. [Doc. 1]; [Doc. 16]. TGP's Motion argues that portions of Lost Brake's Answer should be stricken pursuant to Federal Rule of Civil Procedure 71.1(e)(3). For the reasons stated herein, the [Doc. 17] Motion is **DENIED**.

***Standard of Review***

Federal Rule of Civil Procedure 71.1 "govern[s] proceedings to condemn real and personal property by eminent domain[.]" The purpose of the Rule is "to provide a uniform procedure for condemnation in the federal district courts." Fed. R. Civ. P. 71.1 advisory committee's note to 1951 addition, subdivision (a); *see also* ***Gov't of V.I. v. 19.623 Acres of Land***, 536 F.2d 566, 569 (3rd. Cir. 1976). The Rule provides guidelines for such proceedings, including what may be included in a plaintiff's answer, the service procedures, contents of a defendant's answer, and the process for

amending pleadings. *See* Fed. R. Civ. P. 71.1(c)-(f). If a defendant elects to serve an answer, the defendant must state all of its objections and defenses to the taking. Fed. R. Civ. P. 71.1(e)(3).

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Material should only be stricken from a pleading when it has "no possible relation to the controversy," which is a remedy used "sparingly" by the Court. ***United States v. Coney***, 689 F.3d 365, 379 (5th Cir. 2012) (citations omitted). "Federal courts view Rule 12(f) Motions with disfavor because 'striking a portion of a pleading is a drastic remedy[.]'" ***Solis v. Bruister***, No. 4:10-cv-77-DPJ-FKB, 2012 U.S. Dist. LEXIS 30739, at *13 (S.D. Miss. Mar. 8, 2012) (quoting ***Adams Cnty. Water Ass'n, Inc. v. City of Natchez, Miss.***, No. 5:10-cv-199-DCB-RHW, 2012 U.S. Dist. LEXIS 17347 (S.D. Miss. Feb. 13, 2012)). "[A] motion to strike 'generally should not be granted absent a showing of prejudice to the moving party.'" ***Id*** (citation omitted).

***Analysis***

**I. TGP's [Doc. 17] Motion To Strike**

A. <u>Conditions Sought to be Imposed in the Answer</u>

First, TGP argues that Lost Brake's Answer improperly seeks to impose various conditions on TGP's ability to take the subjected property, including a requirement that Lost Brake have an opportunity to independently evaluate the timber on the property. [Doc. 17 at 1]. According to TGP, Federal Rule of Civil Procedure 71.1(e)(3) does not permit Lost Brake to include such conditions in its Answer, and the conditions should therefore be stricken. *Id.* Lost Brake responds that Rule 71.1(e)(3) "does not describe what the answer may contain." [Doc. 20 at 2]. In reply, TGP maintains that that conditions sought to be imposed by Lost Brake are prayers for relief, not objections or defenses, and that Lost Brake essentially concedes this point by raising identical

conditions in its Response in Opposition to TGP's Motion for Partial Summary Judgment. [Doc. 22 at 3].

Based on its plain language, Rule 71.1(e)(3) states: "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed." Fed. R. Civ. P. 71.1(e)(3). Thus, it is clear that Rule 71.1(e) allows a defendant to file an answer containing only defenses and objections to the condemnation claim, and the party's disagreement concerns whether the "conditions" sought to be imposed by Lost Brake are proper objections and defenses. These specific conditions include TGP's right of entry being premised upon Lost Brake having a reasonable opportunity to obtain an independent evaluation of any timber to be removed and various other "protective terms." [Doc. 16 at 11-12].

The Court declines to strike the "conditions" contained in Lost Brake's Answer. *See* ***In re Beef Indus. Antitrust Litig.***, 600 F.2d 1148, 1168 (5th Cir. 1979) (courts have "ample discretion" in deciding motions to strike). "Because striking a portion of a pleading is considered to be a drastic remedy, these motions are disfavored and infrequently granted." ***Dionisio v. S. Fin. Sys. Inc.***, No. 5:21-cv-68-DCB-LGI, 2021 U.S. Dist. LEXIS 259778, at *2-3 (S.D. Miss. Nov. 22, 2021) (citation omitted). Under Rule 12(f), the moving party must satisfy a demanding standard by demonstrating that the challenged material has "no possible relation to the controversy" and that its inclusion will prejudice the moving party. ***Frazier v. Luther***, No. 3:24-cv-262-GHD-JMV, 2025 U.S. Dist. LEXIS 203367, at *7 (N.D. Miss. Oct. 14, 2025).

TGP has not demonstrated that the challenged provisions warrant the drastic remedy of striking them from the Answer. The parties have also already addressed the proposed conditions in their briefing on the Motion for Partial Summary Judgment, and the Court sees no need to resolve those substantive issues in the context of a motion to strike. The Court will address these

parties' arguments in its Rulong on the Motion for Partial Summary Judgment or, if necessary, at a compensation hearing to be scheduled at a later date. Accordingly, this portion of TGP's Motion to Strike is **DENIED.**

B. Reserving the Right to Amend

Second, the Answer reserves the right to amend and assert additional objections and defenses that may be revealed through discovery. [Doc. 16 at 7,11]. TGP contends that Federal Rule of Civil Procedure 71.1 does not permit a defendant to reserve unpled defenses in its answer. [Doc. 18 at 2]. Lost Brake argues that it is not attempting to circumvent the rules in Federal Rule of Civil Procedure 15 and that striking this portion of the Answer is unnecessary. [Doc. 20 at 8-10]. The Court agrees with Lost Brake. TGP has failed to show any prejudice in allowing Lost Brake to reserve the right to amend its answer. Additionally, should Lost Break later believe it is entitled leave to amend its Answer, it has conceded that it will adhere to the rules set forth in Federal Rule of Civil Procedure 15. The Court will rule upon such motion should it be filed. Accordingly, this portion of the Motion to Strike is **DENIED**.

C. Rule 12(b) Challenge in the Answer

The Answer also lists under the "OBJECTIONS AND DEFENSES" section an objection to the sufficiency of process argument pursuant to Federal Rule of Civil Procedure 12(b)(4). [Doc. 16 at 7]. TGP contends that this is an impermissible attempt to assert a Federal Rule of Civil Procedure 12(b)(4) challenge in an Answer. [Doc. 18 at 2]. TGP specifically argues that "Rule 71.1(e)(3) does not allow Lost Brake to assert a Rule 12(b) motion through its Answer." *Id.* Lost Brake responds that the Answer permissibly included the 12(b)(4) challenge pursuant to Rule 71.1(e)(2)(c), and without asserting it in the Answer, it would have been waived under Rule 71.1(e)(3). [Doc. 20 at 10].

The Court agrees with Lost Break. Federal Rule of Civil Procedure 12 provides various defenses and objections defendants may plead. *See* Fed. R. Civ. P. 12. Additionally, Rule 71.1(e)(2)(c) makes clear that "[a] defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice. The answer must…(c) state all the defendant's objections and defenses to the taking." Fed. R. Civ. P. 71.1(e)(2)(c). TGP has not demonstrated that Lost Brake's inclusion of its Rule 12(b)(4) objection in the Answer provides a basis for striking it under Rule 12(f). Accordingly, this portion of TGP's Motion to Strike is **DENIED**.

## II. Conclusion

For the reasons stated herein, Plaintiff Tennessee Gas Pipeline Company, L.L.C.'s [Doc. 17] Motion to Strike Answer to Complaint is **DENIED**.

**SO ORDERED,** this the 28th day of October, 2027.

Robert P. Chamberlin

UNITED STATES DISTRICT JUDGE